IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| August Kersten, Brian Berube, and Lonesome Dove, Inc., | ) ) ) | |
| Plaintiffs, | ) ) | **ORDER** |
| vs. | ) ) | |
| The City of Mandan, | ) ) | Case No.1:19-cv-085 |
| Defendant. | ) | |

Before the Court is the Defendant's motion to stay lawsuit filed on May 7, 2019. See Doc. No. 49. The Plaintiffs filed a response in opposition to the motion on October 9, 2010. See Doc. No. 52. The Defendant filed a reply brief on October 11, 2019. See Doc No. 53. For the reasons set forth below, the motion is denied.

On May 20, 2019, the Plaintiffs filed a verified complaint against the City of Mandan ("Mandan"), asserting claims under 42 U.S.C. § 1983 and the Civil Rights Act of 1871 for violation of the First and Fourteenth Amendments. See Doc. No. 1. The Plaintiffs' claims arise from the enforcement of Mandan's mural regulations against the Lonesome Dove saloon. On May 22, 2019, the Court issued a temporary restraining order ("TRO") enjoining enforcement of the mural regulations against the Plaintiffs. See Doc. No. 10. On June 3, 2019, the TRO was extended until the Court could rule on the request for a preliminary injunction. See Doc. No. 26. On July 11, 2019, the Court, with the consent of the parties, extended the TRO for the duration of litigation, effectively turning the TRO into a preliminary injunction. See Doc. No. 41. On September 24, 2019, the Plaintiffs moved for summary judgment. The Court has extended the time to respond to the motion for summary judgment until October 29, 2019. Trial is scheduled for February of 2021.

The Defendant asks in its motion that proceedings be held in abeyance and that it not be required to respond to the Plaintiffs' motion for summary judgment pending consideration of a new mural ordinance by the Mandan City Commission.  Consideration of the new mural ordinance is scheduled for November 5, 2019, and November 19, 2019.  The Defendant contends the new mural ordinance will effectively render the case moot.  The Plaintiffs contend the new mural ordinance will not moot their lawsuit as they seek retrospective as well as prospective relief.

The Court has carefully reviewed the parties' briefs along with the entire record.  The Court agrees with the Defendant that adoption of a new mural ordinance will significantly alter the landscape of the litigation.  A change in the law may render some or all of the issues raised in the motion for summary judgment moot.  However, an indefinite stay of the case is unnecessary when an extension of the time to respond to the motion for summary judgment will serve the same purpose.

Accordingly, the motion for stay (Doc. No. 49) is **DENIED**.  The Defendant shall have until December 20, 2019, to respond to the Plaintiffs' motion for summary judgment.  In addition, the Court finds the Plaintiffs' motion for preliminary injunction (Doc. No. 12) as **moot**.

**IT IS SO ORDERED.**

Dated this 17th day of October, 2019.

/s/ *Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court